IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANIEL TEPOEL, )<br>)<br>Petitioner-Defendant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent-Plaintiff. ) | Case Nos. 10-CV-629-BBC<br>07-CR-66-BBC |

GOVERNMENT'S RESPONSE TO TEPOEL'S SECTION 2255 PETITION

The United States of America, by John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, and by Meredith P. Duchemin, Assistant United States Attorney for that district, hereby responds to the 28 U.S.C. § 2255 petition filed by petitioner-defendant Daniel Tepoel. For the reasons discussed below, Tepoel's § 2255 petition should be denied.

INTRODUCTION

On March 28, 2008, following a four-day jury trial, Tepoel was found guilty of mail and wire fraud, conspiracy, and making false statements. (R.[1] 130). On June 4, 2008, this Court sentenced Tepoel to 136 months in prison. (R. 169). Tepoel appealed his conviction arguing a myriad of things, including an argument that he was denied

---

1. "R" refers to the docket number from this Court's docket in Tepoel's original criminal case, 07-CR-66-BBC.

his Sixth Amendment right to counsel.[2] The Seventh Circuit affirmed the judgment and conviction, specifically ruling, among other things, that Tepoel had constructively waived his right to counsel. *United States v. Tepoel*, 317 Fed.Appx. 549, 551-52, 2009 WL 761093 (7th Cir. (Wis) March 11, 2009).[3] Tepoel filed a *Petition for Certiorari* in the United States Supreme Court, which was denied on October 5, 2009. *Tepoel v. United States*, 130 S.Ct. 171 (October 5, 2009).

Now, through this § 2255 petition, Tepoel again seeks reversal of his conviction on right to counsel grounds. Tepoel's petition should be denied because it is untimely and because his sole contention is barred by the law of the case doctrine. Pursuant to the law of the case doctrine, Tepoel is barred from relitigating before this Court whether he was denied his Sixth Amendment right to counsel because the Seventh Circuit has already found that Tepoel constructively waived this right because of his behavior towards the four attorneys who were appointed to represent him.

## TEPOEL'S FOUR ATTORNEYS

The grand jury indicted Tepoel on April 19, 2007. (R. 3). At the arraignment on April 20, 2007, the Court set a trial date of August 13, 2007. (R. 4, 6). On June 8, 2007, Tepoel filed a motion asking for a new attorney, claiming that his first attorney was ineffective. (R. 7). The Court granted the motion after an ex parte hearing on June 11,

---

2. A copy of Tepoel's brief on appeal is attached as Exhibit A.
3. A copy of the Seventh Circuit's unpublished order is attached as Exhibit B.

2007, citing an "irremediable breakdown in communication" between attorney and client. (R. 9). The Court appointed Tepoel a second attorney, and delayed the original trial date to give the second attorney sufficient time to prepare. (*Id*.).

On August 28, 2007, Tepoel's second attorney filed a motion to withdraw saying he could not work with Tepoel. (R. 14). On September 4, 2007, the Court held an ex parte hearing. (R. 21). At the hearing, Tepoel complained that this attorney was ineffective and would not do what Tepoel wanted him to do. (R. 111; pp. 3-4). The Court denied the motion to withdraw, but in an effort to accommodate Tepoel while maintaining the attorney-client relationship, the Court allowed Tepoel to file his own additional pretrial motions. (*Id*.). The Court also determined that the trial date should be moved again to allow Tepoel more time to prepare his motions. (R. 21, 23, 24). The Court warned Tepoel that if he was unable to work with this second attorney, he would not get another appointed attorney, commenting, "if they are unsuccessful [in preserving the relationship], the best Tepoel can hope for is that [the second attorney] remains as stand by counsel; the worst is that Tepoel will be completely pro se." (R. 22). The accommodations and delay resulted in more pre-trial motions, but did not repair the attorney-client relationship. (R. 26 & 27). On October 15, 2007, the second attorney moved again to withdraw. (R. 30).

On October 16, 2007, the Court held an ex parte hearing on the second attorney's motion to withdraw. (R. 31). At the hearing, the Court allowed the second attorney to withdraw. The Court told Tepoel that he was not entitled to another new attorney, but

3

if the Federal Public Defender's Office was willing to provide one, the Court would approve the appointment. (R. 110, p. 8) (court order summarizing prior proceedings). The Federal Public Defender was willing to give Tepoel a third attorney, and the Court approved the appointment. (*Id*.). The trial date was delayed again - this time to March 3, 2008. (R. 33; 34; & 110, pp. 8-9). After reviewing the extensive discovery, the third attorney then filed a motion to continue the trial date, which the Court granted over the government's objection. (R. 49). The Court moved the trial date to March 24, 2008. (R. 60).

In the weeks leading up to trial, Tepoel became dissatisfied with this third attorney. On March 10, 2008, Tepoel filed a motion asking the Court to appoint new counsel. (R. 90, 91). In response, the third attorney filed a motion to withdraw. (R. 92). On March 12, 2008, the Court held an ex parte hearing on the cross-motions. (R. 110). Tepoel claimed that his third attorney was ineffective and disrespectful, asked that a fourth attorney be appointed, and asked for a continuance to give the new attorney time to prepare. (R. 110, p. 10-11). The Court allowed the third attorney to withdraw, but denied Tepoel's request for a fourth attorney, finding that Tepoel had constructively waived his right to counsel:

> Essentially you have constructively made a decision to go pro se in this lawsuit. . . .this is the third attorney you've burned through in this lawsuit and every single one has not met your satisfaction. Every single one in your eyes was not capable of meeting your demands. . . .here we are again on the eve of trial with you saying you've got yet another incompetent attorney that won't do what you want to them to do that you want to replace. It's not going to happen. You are not getting a new attorney from this Court.

(R. 110, p. 3).

The Court explained to Tepoel why another appointed attorney would be pointless:

> . . . the record is clear you cannot work with any attorney this Court appoints you. You really are attorney-proof. It doesn't matter to me why this is true. If I thought I could cure it and get you an attorney who would stick, I would have done so by now, but there comes a point in Seventh Circuit law where the Court infers constructive waiver of counsel, and that's where we find ourselves today.
>
> From the Court's perspective, we have bent over backwards to try and give you everything we can to insure that you keep an attorney and are prepared for trial. You have defied the Court's efforts at every level. I know you don't think that. I know you think that the fault is your attorneys' and the Court's, and there's nothing I can say that will change that, and I'm not going to try to persuade you otherwise. . . . There is nothing else this Court can do to get you an attorney who will stick with you through trial.

(R. 110, pp. 9, 12-13).

The Court also denied Tepoel's request for another delay of the trial date:

> So we are going on the 24th. If you can find an attorney to represent you who is willing to go on that day, you are certainly entitled to that. That is always your right under the Sixth Amendment. You are not, however, entitled to a fourth attorney appointed by the Court or yet another continuance on the eve of trial, which has been continued too many times for almost a year, so that you can delay one more time the inevitable trial to which you are entitled under the Constitution.

(R. 110, pp. 12-13).

Tepoel maintained that he had a right to a new attorney and even demanded that he be appointed a particular lawyer whom he had called and who seemed on the phone to "understand [his] defense." (R. 110, pp. 4-7, 11) (R. 111, pp. 3-5). The Court refused to appoint that attorney to fully represent him, but did accommodate Tepoel by

5

appointing the attorney Tepoel requested to act as stand-by counsel at trial. (R. 113). Tepoel then filed a motion to dismiss his case for the constructive denial of counsel. (R. 120 & 121). The Court denied the motion. (R. 166, p. 3).

During the trial from March 24 through March 27, 2008, with the fourth attorney acting as stand-by counsel, Tepoel gave his own opening statement, (R. 150, pp. 1-A-27-29), cross-examined government witnesses, called four of his own witnesses, (R. 163, pp. 3-B-4-29), testified in his own defense, (R. 163, pp. 3-B-29-62), and introduced his own exhibits (R. 131). The jury returned guilty verdicts on all eight counts of the indictment. (R. 130).

After trial, Tepoel requested that the fourth attorney (who had acted as stand-by counsel at trial) be appointed as his counsel to represent him at sentencing. (R. 136). On April 10, 2008, the Court granted the request. (R. 138). Three weeks later, however, Tepoel became dissatisfied with this fourth attorney as well and demanded that he be allowed to represent himself at sentencing. (R. 140). Tepoel implied in the motion that he had never really asked for full representation in the first place, and insisted he had a constitutional right to represent himself. (R. 140 & 141, n. 1). On May 2, 2008, the Court noted the strange change in position (first demanding numerous attorneys then demanding to represent himself), but ultimately granted the request. (R. 141). Tepoel represented himself at sentencing.

## TEPOEL'S APPEAL

In his pro-se appeal, Tepoel raised eight identifiable issues, one of which was his

Sixth Amendment right to counsel. Tepoel argued that this Court erred when it determined that he had constructively waived his right to the assistance of counsel at trial. Tepoel acknowledged the case law on constructive waiver of counsel, but claimed the Court had never addressed a situation where the appointed attorneys were as bad as those appointed him. Tepoel claimed that the "falling outs" he had with his appointed attorneys stemmed not from his obstructionist tactics, but rather from each attorney's gross incompetence and failure to work adequately on Tepoel's defense. Tepoel insisted that the attorneys who represented him were incompetent because they did not understand the defense he wanted to present. Tepoel essentially argued that he should have been allowed to have new counsel appointed for him until he was subjectively happy with an attorney's performance.

The Seventh Circuit disagreed with Tepoel and affirmed his conviction in all respects. In doing so, the Seventh Circuit specifically ruled on the right to counsel issue, finding that Tepoel was "unwilling to cooperate with any of the four lawyers appointed for him during the course of his trial and sentencing despite the magistrate judge's warnings that failure to do so would compel Tepoel to proceed pro se." *United States v. Tepoel*, 317 Fed.Appx. at 551-52. The Court concluded that Tepoel's conduct in the face of the magistrate judge's admonitions demonstrated "that he waived his right to counsel." *Id.*

Tepoel filed a *Petition for Certiorari* in the United States Supreme Court, which was denied on October 5, 2009. *Tepoel v. United States*, 130 S.Ct. 171. Tepoel served his

§ 2255 petition on October 15, 2010.

## ARGUMENT

### TEPOEL'S PETITION IS UNTIMELY

The one-year limitations period for filing a § 2255 petition begins to run from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(28 U.S.C. § 2255, ¶ 6). Tepoel's judgment of conviction became final when the United States Supreme Court denied his *Petition For Certiorari* on October 5, 2009. *Clay v. United States*, 537 U.S. 522, 527 (2003). Tepoel therefore had until October 5, 2010 to serve his § 2255 petition by placing it in the prison mail system. He did not do so until October 15, 2010. (Tepoel Petition, p. 13). His petition is untimely.

A petitioner can extend the one-year limitations period by demonstrating that he filed his petition no later than one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (28 U.S.C. § 2255, ¶ 6(4)). In a case involving a *pro se* inmate, the Seventh

8

Circuit has held that "a due diligence analysis under § 2255 ¶ 6(4) requires consideration of a prisoner's individual circumstances." *Montenegro v. United States*, 248 F.3d 585, 592 (7th Cir. 2001) (overruled on other grounds).

To support his right to counsel claim, Tepoel offers the Court some new facts about two car accidents that supposedly happened earlier in his life. But, these facts were known to Tepoel long before his one-year period expired. So, even assuming for the sake of argument, that Tepoel's facts about his car accidents and resulting injuries are true, these facts are certainly not the kind of new facts that would support an extension of the one-year deadline. Tepoel's § 2255 petition is untimely and the United States respectfully requests that it be dismissed.

## TEPOEL'S RIGHT TO COUNSEL ARGUMENT HAS ALREADY BEEN REJECTED BY THE COURT OF APPEALS

Even if his petition is timely, Tepoel cannot prevail because he is barred from relitigating the right to counsel issue by the law of the case doctrine. The Seventh Circuit has consistently upheld the law of the case doctrine in proceedings under 28 U.S.C. § 2255. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *United States v. Daniels*, 26 F.3d 706, 711-12 (7th Cir. 1994); *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986). The doctrine bars district courts from relitigating an issue already decided by an appellate court in the same case absent some change in law or circumstances. *Id.* See also *McCarroll v. United States*, 2001 WL 476590, *2 (N.D. Ill. May 2, 2001) ("Contentions that were raised on a prior appeal, even if they are reformulated under different labels or on expanded allegations, cannot be relitigated under § 2255"), citing

*DeMaro v. Willingham*, 401 F.2d 105, 106 (7th Cir. 1968).

As he did on direct appeal, Tepoel is arguing in his § 2255 petition that this Court denied him his right to counsel by failing to appoint a fifth attorney to represent him. As he did on direct appeal, Tepoel is also arguing that this Court erred when it found that he had constructively waived his right to counsel. However, as set forth above, the Seventh Circuit Court of Appeals has already expressly rejected these arguments. The Court unambiguously ruled that Tepoel constructively waived his right to counsel and found that this Court did not err by failing to appoint yet another attorney to try and satisfy Tepoel's demands. This Court cannot now relitigate the issue absent a change in the law or circumstances.

Admittedly, Tepoel has put a new spin on the right to counsel issue in his petition - perhaps in an effort to create the appearance of new circumstances. Instead of arguing as he did on direct appeal that his attorneys were incompetent because they failed to agree with him and failed do as he instructed, he argues that he was the one who was incompetent.[4] He argues that he did not have sufficient mental capacity to represent himself. Ironically, he now argues that his attorneys's failures to understand his chosen defense point to how uniformed and silly his arguments were. He also now

---

4. Tepoel makes clear that he is not suggesting that he was incompetent to stand trial, just that he was incompetent to represent himself pro se at trial. (Tepoel Petition, pp. 3-4). Nevertheless, in his petition, Tepoel intermittently cites cases discussing the standards for competency and a district court's duty to inquire about a defendant's mental state when competency is in question. Because these competency cases involve different legal standards than the standards at issue here, Tepoel's reliance on these competency cases is misplaced.

argues that his inability to get along with his appointed attorneys should have signaled to everyone that he was suffering from some sort of diminished mental capacity. This quite a change in position for Tepoel, who believed that he knew better than any of his appointed attorneys, and insisted that his obstinance towards his attorneys resulted from their incompetence, not his.

Tepoel's change in position is supposedly supported by his new revelation that he is still suffering from the effects of two car accidents - "one occurred in his teens and the other when he was an adult." (Tepoel Petition, p. 3). Tepoel claims that these accidents were head-on, roll over accidents and that they resulted in severe head trauma. He claims he cannot provide medical documentation of the accidents because the records are not available, but that he could provide testimony about them. Although this is the first the Court is hearing about these accidents, Tepoel nevertheless claims that the Court should have undertaken a better colloquy about his mental limitations resulting from these accidents before allowing Tepoel to represent himself.

This Court should reject Tepoel's invitation to revisit the Seventh Circuit's decision on constructive waiver of counsel based on Tepoel's "new" car accident evidence. First, the offered evidence is wholly unsupported. Second, even assuming the offered evidence is true, it is not "new." Tepoel has known about these accidents for most of his life. His choice to disclose old evidence now does not create the kind of new circumstances necessary to negate the law of the case doctrine. Similarly, his other arguments about right to counsel are simply reformulations of arguments previously

11

made - and rejected - on direct appeal. Reformulation of old arguments do not negate the law of the case doctrine. *See e.g., Demaro v. Willingham*, 401 F.2d at 106. No other reason exists for the Court to reexamine the right to counsel issue, and Tepoel's petition should be dismissed.

## TEPOEL'S PETITION ALSO FAILS ON THE MERITS

Even if Tepoel's petition is timely and even if this Court is not barred from reconsidering the right to counsel issue, Tepoel still cannot prevail. Tepoel cannot prevail because, on the merits, his petition fails. This Court did not err when it concluded that Tepoel constructively waived his right to counsel.

Although a person has right to be represented by counsel of his choice, this right is not absolute, but qualified, and must be balanced against requirements of fair and proper administration of justice. *See e.g., United States v. Carrera*, 259 F.3d 818 (7th Cir. 2001). Defendants can constructively waive their right to counsel through their behavior. *See e.g., United States v. Harris*, 2 F.3d 1452 (7th Cir. 1993).

This Court bent over backwards to try and accommodate Tepoel, appointing him three attorneys and then a fourth (the attorney Tepoel requested) to act as stand-by counsel at trial. Even after all that, when Tepoel asked after trial if the fourth attorney could be appointed to represent him at sentencing, the Court said yes. Of course, like the pattern before, Tepoel became discontented with the fourth attorney because she would not file his motion to recuse, so he changed his mind again and demanded to proceed as his own attorney.

Tepoel's conduct is like the defendant's conduct in *United States v. Harris*, where the Seventh Circuit found constructive waiver of the defendant's right to counsel because of the defendant's inability to cooperate with numerous appointed attorneys despite warnings from the court that continued failures to cooperate would result in defendants having to represent themselves.  2 F.3d at 1452.  Like the defendant in *Harris*, the record clearly establishes that Tepoel constructively waived his right to counsel and his Sixth Amendment rights were not violated.  This Court did not clearly err by so holding originally, the Seventh Circuit correctly affirmed, and Tepoel's § 2255 petition on the same grounds should now be dismissed.

Dated this 15th day of November 2010.

        Respectfully submitted,

        JOHN W. VAUDREUIL
        United States Attorney

        By:   /s/

        MEREDITH P. DUCHEMIN
        Assistant United States Attorney