IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                 ORDER

           Plaintiff,

                                               10-cv-629-bbc
                                             07-cr-66-bbc

      v.

DANIEL TEPOEL,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In an order entered on December 13, 2010, I denied defendant Daniel Tepoel's motion for post conviction relief under 28 U.S.C. § 2255. Now defendant has filed a notice of appeal and a request for a certificate of appealability from the denial of his § 2255 motion. He has not paid the $455 fee for filing his notice of appeal which is required if he is to take an appeal from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I construe defendant's notice as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915. According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless

1

the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed. . . ." Defendant was found financially eligible for court-appointed counsel (although he refused to accept representation) and I am not prepared to certify that his appeal is not taken in good faith. A reasonable person could find that the appeal has some merit.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). It is not necessary to address the issue of a certificate of appealability as I denied the issuance of such a certificate in the December 13, 2010, order, finding that no reasonable jurist would believe that defendant's motion has any merit. Under Fed. R. App. P. 22(b), if defendant wishes to challenge the denial of a certificate of appealability, he may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that defendant Daniel Tepoel's motion to proceed on appeal in forma pauperis on appeal is GRANTED. His request for a certificate of appealability is DENIED.

Entered this 27th day of December, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge