IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      ORDER

            Plaintiff,

                                                      10-cv-629-bbc

      v.

DANIEL TEPOEL,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on December 13, 2010, I denied defendant Daniel Tepoel's motion for post conviction relief under 28 U.S.C. § 2255 (dkt. #6). On December 23, 2010, defendant filed a timely notice of appeal and a request for a certificate of appealability from the denial of his § 2255 motion, dkt. #8. In an order dated December 27, 2010, dkt. #11, I granted defendant's request to proceed on appeal in forma pauperis and denied his request for a certificate of appealability. On February 24, 2011, the court of appeals dismissed defendant's appeal for his failure to file the required docketing statement.

      On March 28, 2011, defendant filed a motion to alter or amend judgment in which he asked the court to reconsider its orders of December 27, 2010, dkt. #11, January 24,

1

2011, dkt. #14, and February 11, 2011, dkt. #16. I denied the motion in an order dated March 30, 2011, dkt. #19.

Now defendant has filed a notice of appeal of the court's orders of December 27, 2010, January 24, 2011, February 11, 2011 and March 30, 2011. He has not paid the $455 fee for filing his notice of appeal. Therefore, I construe defendant's notice as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915. According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed. . . ." Defendant was found financially eligible for court-appointed counsel (although he refused to accept representation) and I am not prepared to certify that his appeal is not taken in good faith. A reasonable person could find that the appeal has some merit.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).  I find that none of defendant's challenges to his sentence meet the demanding standard for a certificate of appealability.  The issues defendant seeks to raise on appeal are not debatable among reasonable jurists, no court would resolve the issues differently and the questions are not adequate to deserve encouragement to proceed further.  Therefore, I decline to issue a certificate of appealability.

Under Fed. R. App. P. 22(b), if defendant wishes to challenge the denial of a certificate of appealability, he may request a circuit judge to issue the certificate.

## ORDER

IT IS ORDERED that defendant Daniel Tepoel's motion to proceed on appeal in forma pauperis on appeal is GRANTED.  His request for a certificate of appealability is DENIED.

Entered this 10th day of May, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge